UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10085-CIV-KING

AMICA MUTUAL INSURANCE CO.,

    Plaintiff,

v.

DAVID G. MOROWITZ, and
JOSE H. GUTIERREZ,

    Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL WITH PREJUDICE

THIS CAUSE comes before the Court upon the Plaintiff Amica Mutual Insurance Company's ("Amica") "Motion to Dismiss Count III of Morowitz's Amended Counterclaim" (D.E. #26), filed April 2, 2009. On April 20, 2009, the Defendant David G. Morowitz filed his Response in Opposition (D.E. #28). On April 30, 2009, Amica filed its Reply (D.E. #31).

## I. BACKGROUND

The factual background of this action was recited in this Court's February 24, 2009 "Order of Partial Dismissal Without Prejudice":

> Amica filed this action on October 22, 2008. *See* D.E. #1. On December 4, 2008, Amica filed its Amended Declaratory Judgment Action (D.E. #7) "to declare the rights, status, and legal relations between Petitioner and Respondents . . . arising from a watercraft accident that occurred on or about April 17, 2008." Amica alleges that Morowitz was injured by the boat propeller after he fell overboard. *See* D.E. #7, ¶ 8. Morowitz has made a claim against

>Gutierrez and also requested that Amica provide benefits for the accident pursuant to the "Boat Policy," the "Uninsured Boaters Insurance Endorsement," and the "Personal Umbrella Liability Policy"—all of which were issued by Amica to Morowitz and were in effect at the time of the accident. *Id.* at ¶ 9. Amica is seeking a judgement declaring, *inter alia*, the following: (1) that the "boat does not qualify as an 'uninsured watercraft' as defined by the Uninsured Boaters Insurance Endorsement," and thus, there is no coverage under this particular policy, *id.* at ¶ 15; (2) the identity of the individual who was operating the boat at the time of the accident, *id.* at ¶ 24; (3) that, under the terms of the Boat Policy, Amica "has no obligation to defend or indemnify Respondent GUTIERREZ for any claims or damages sought by Respondent MOROWITZ for bodily injury arising from the accident," *id.*; (4) that, under the terms of the Personal Umbrella Liability Policy, Amica "has no obligation to defend or indemnify Respondent GUTIERREZ for any claims or damages sought by Respondent MOROWITZ for bodily injury arising from the accident," *id.* at ¶ 40.

D.E. #20, pgs. 1-2.

On December 23, 2008, Morowitz filed his "Answer, Counterclaim and Crossclaim" (D.E. #10). On February 24, 2009, the Court granted Amica's Motion to Dismiss Count III of Morowitz's Counterclaim—which was a counterclaim for breach of the implied covenant of good faith and fair dealing—without prejudice to "specifically alleging under Count III . . . that (1) there is an express contract term concerning Amica's duty to investigate, adjust, and/or settle and (2) the contract does not set forth how this express provision is to be carried out." *See id.* at pg. 7.

On March 16, 2009, Morowitz filed his "Amended Counterclaim Against

2

Petitioner Amica" (D.E. #22). Under "COUNT II: BREACH OF CONTRACT," he alleges, *inter alia*, that "Amica has materially breached the provisions of its [Policies], failing to pay for the loss or damages to Morowitz, and otherwise failing to provide coverage for Morowitz's claims." D.E. #22, pg. 4. Under "COUNT III: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING," he alleges, *inter alia*, that "Amica has a duty to provide the insurance described in the subject policy and has a duty to properly and promptly investigate, adjust and/or settle Morowitz's claims. Additionally, Amica owes Morowitz a duty of good faith and fair dealing in carrying out such responsibilities." *Id.* at pg. 5. Morowitz then cited provisions from each of the three policies which allegedly "spell[] out" the "duty to properly and promptly investigate, adjust and/or settle [his] claims." *Id.*

## II. LEGAL STANDARD

As a general rule, an action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Furthermore, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). Finally, " 'the

court limits its consideration to the pleadings and exhibits attached thereto.' "
*Hugh Johnson Enters., Inc. v. City of Winter Park, Fla.*, 231 F. App'x 848, 849 (11th Cir. 2007) (quoting *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006)).

### III. DISCUSSION

For the reasons discussed below, the undersigned concludes—after careful consideration of the parties' submissions—that Morowitz has failed to state a cause of action for breach of the implied covenant of good faith and fair dealing upon which relief can be granted. First, Morowitz has failed to sufficiently allege a breach of an express contractual provision that may form the basis of such a claim. Without receding from this Court's previous Order of Partial Dismissal Without Prejudice (D.E. #20), the undersigned believes that it is proper to expand upon that which is required for this requirement to be satisfied in the insurance context. As stated above, Morowitz cites provisions from each of the three Policies which allegedly "spell[] out" the "duty to properly and promptly investigate, adjust and/or settle [his] claims." D.E. #22, pg. 5. However, the Court concludes that only one of these provisions could possibly be construed as encompassing such a duty. Specifically, the Boat Policy states that "[Amica] will pay for bodily injury, property damage or pollution damage an insured becomes

legally obligated to pay because of ownership, maintenance or use of the boat. . . . [Amica] will <u>settle or defend, as [it] see[s] fit</u>, any claim or suit asking for these damages. [Its] <u>duty to defend or settle</u> ends when the amount [it] pay[s] for damages equals [its] Limit Liability for this coverage." *Id.* at pg. 5 (emphasis added). However, Morowitz' allegation that this provision has been breached is not sufficient for the purpose of stating a cause of action for breach of the implied covenant of good faith and fair dealing in the context of an insurance contract. *See Quadomain Condo. Assoc., Inc. v. QBE Ins. Corp.*, 2007 WL 1424596, at *5 (S.D. Fla. 2007) ("[A] party must . . . allege that an express contractual provision has been breached."). To qualify, such a provision must provide the mechanism by which the insurer must adjust, investigate, settle, or pay claims. *See Arlen House E. Condo. Assoc., Inc. v. QBE Ins. (Europe) Ltd.*, 2008 WL 4500690, at *2, 3 (S.D. Fla. 2008) (holding that a cause of action for breach of implied covenant of good faith and fair dealing had been properly alleged because, *inter alia*, "the insurance policies at question . . . state the <u>mechanism by which the insurers are to adjust, investigate, and pay claims</u>" (emphasis added)); *Townhouses of Highland Beach Condo. Assoc., Inc. v. QBE Ins. Corp.*, 2007 WL 2403272, at *2 (S.D. Fla. 2007) (substantially the same); *Townhouses of Highland Beach Condo. Assoc., Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1311 (S.D. Fla. 2007) ("Plaintiff has

properly alleged that an express term of the contract has been breached, and the Policy . . . states the <u>mechanism by which the insured is to adjust, investigate and pay claims</u>. For example, the Policy states that Defendant will determine the value of the lost or damaged property or the cost of repair and replacement, but there is no time frame for these determinations or other specific conditions about how valuations will be made or replacement cost will be determined, all of which are implied terms." (emphasis added)). Perhaps, this requirement is more stringent in the insurance context (as opposed to cases where other types of contracts are at issue) because, pursuant to Florida Statute § 624.155(1)(b), an insured possesses an extra-contractual, statutory claim for bad faith that may be asserted after the underlying action for coverage is resolved. Regardless of the rationale, this provision—which merely states that the insurer has a "duty to defend or settle"—cited by Morowitz does not constitute an express provision upon which a claim for breach of the implied covenant of good faith and fair dealing may be based in the insurance context. In contrast, if the Boat Policy had provided a mechanism[1] by which the insurer must fulfill this duty but was also silent as to

---

[1] The Court has reviewed the Boat Policy in its entirety, which was attached to the Amended Complaint (D.E. #7), and there is no such mechanism contained in the language. Thus, Morowitz does not have a basis upon which he may properly plead this counterclaim for breach of the implied covenant of good faith and fair dealing, and such militates against his request that he be provided leave to amend.

some implied terms concerning this mechanism, Morowitz would have a proper basis to assert such a counterclaim. *See Quadomain Condo. Assoc., Inc.*, 2007 WL 1424596, at *5 ("[A] balance must be struck between the requirement of alleging that a specific provision has been breached and the requirement that the contract does not expressly dictate the conduct in question . . . which requires gap-filling.").

Second, the undersigned concludes that this counterclaim for breach of the implied covenant of good faith and fair dealing based upon the "duty to defend or settle" would vary the express terms of the Boat Policy, the same contract that imposes said duty. It should be noted that this requirement—i.e., the allegations supporting a cause of action for breach of the implied covenant of good faith and fair dealing cannot result in varying the express terms of the contract—exists in both the insurance context and the non-insurance context. *See Bradman v. Mental Health Network, Inc.*, 2008 WL 5110525, at *4 (S.D. Fla. 2008) (holding that, in the insurance context, "the allegations cannot result in varying the express terms of the contract"); *PL Lake Worth Corp. v. 99Cent Stuff-Palm Springs, LLC*, 949 So.2d 1199, 1201 (Fla. 4th DCA 2007) (discussing, in the context of a lease agreement, the general principle "that the implied covenant of good faith cannot be used to vary the express terms of a contract"). As a general rule, the implied

covenant of good faith and fair dealing may fill gaps when one party has the authority to make discretionary decisions without defined standards (because the contract is <u>silent</u> as to any standards), but such should not be utilized to "block the use of terms that actually appear in the contract." *Speedway SuperAmerica, LLC v. Tropic Enters., Inc.*, 966 So.2d 1, 3 n.2 (Fla. 2d DCA 2007).  For example, a contract that <u>expressly</u> grants absolute and unlimited discretion concerning a party's decision-making power would preclude the applicability of the implied covenant of good faith and fair dealing as to such decisions.  *See id.* at 4.  Here, as quoted above, the Boat Policy states that the insurer "will settle or defend, as [it] <u>see[s] fit</u>." D.E. #22, pg. 5 (emphasis added).  This emphasized language establishes that the Boat Policy was not silent with regard to the standards for making the discretionary decision of when to settle or defend but, instead, expressly granted absolute and unlimited discretion concerning such decisions.  *See Cox v. CSX Intermodal, Inc.*, 732 So.2d 1092, 1098 & n.2 (Fla. 1st DCA 1999) (holding that the written loading contracts were "silent with regard to the methodology or standards to be used by [the defendant] in exercising its discretion to assign loads for transport" because, *inter alia*, the "instant contracts contain no express grant of <u>absolute, unlimited discretion</u> to [the defendant] to assign loads in any manner or for any reason <u>it sees fit</u>." (emphasis added)).  Thus, even if the

contracts at issue in the instant action were outside the insurance context, a counterclaim for breach of the implied covenant of good faith and fair dealing could not exist for this separate and distinct reason.

Third, the undersigned concludes that the allegations asserted by Morowitz as supporting this counterclaim for breach of the implied covenant of good faith and fair dealing (i.e., COUNT III) are repetitive of that conduct alleged for the general breach-of-contract counterclaim (i.e., COUNT II). As Amica correctly asserts, the allegations of COUNT III appear to amount to "nothing more than a general allegation for breach of contract and are therefore duplicative" of COUNT II and may be dismissed for this reason. *Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006). The gravamen of COUNT III is that Amica has failed to make payments for covered losses, which is the same basis for the general breach-of-contract counterclaim under COUNT II. In the Amended Counterclaim, Morowitz attempts to distinguish COUNT III by making the conclusory assertion that Amica owed him "a duty of good faith and fair dealing in carrying out [the] responsibilities" associated with the "duty to properly and promptly investigate, adjust and/or settle [his] claims." D.E. #22, pg. 5. If the Boat Policy had outlined a mechanism (as discussed above) by which Amica was to comply with its "duty to defend or settle," perhaps Morowitz could have alleged

factual allegations sufficient and separate from those supporting the general breach-of-contract counterclaim. However, the Boat Policy merely states that Amica has a "duty to defend or settle," and predictably, the conduct alleged under COUNT III is redundant of that alleged under COUNT II. Thus, this represents a separate and distinct reason for dismissal of the counterclaim for breach of the implied covenant of good faith and fair dealing. *See Arlen House*, 2008 WL 4500690, at *3 n.2 ("A claim for breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract.").

## IV. CONCLUSION

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Amica's "Motion to Dismiss Count III of Morowitz's Amended Counterclaim" (**D.E. #26**) be, and the same is hereby, **GRANTED**. Count III of Morowitz' Amended Counterclaim (**D.E. #22**) is hereby **DISMISSED WITH PREJUDICE**[2] **for the failure to state a claim upon which relief can be granted.**

---

[2] The undersigned acknowledges that Morowitz requests leave to amend in the event that the Defendant's Motion to Dismiss is granted. However, as described above, the undersigned concludes that Morowitz will not be able to state a claim for breach of the implied covenant of good faith and fair dealing upon which relief can be granted. Additionally, Morowitz has already been given a previous opportunity to amend. Therefore, for both these reasons, this dismissal is with prejudice.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of May, 2009.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **_Counsel for Plaintiff_**

**Cynthia Moore Dennen**
Dennen Ragano, PLLC
Post Office Box 2379
Tampa, FL 33601-2379

**_Counsel for Defendants_**

**Tonya Jean Meister**
Lipcon Margulies & Alsina
2 South Biscayne Boulevard
1776 One Biscayne Tower
Miami, FL 33131

**Michael Frederick Guilford**
Guilford & Rash
44 W Flagler
Suite 750 Courthouse Tower
Miami, FL 33130

**James Joseph McNally**
Alvarez, Sambol, Winthrop, & Madson
201 Alhambra Circle
Suite 602
Coral Gables, FL 33134

11