UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-10085-CIV-KING

AMICA MUTUAL INSURANCE CO.,

    Petitioner,

v.

DAVID G. MOROWITZ and
JOSE H. GUTIERREZ

    Respondents.
_____/

DAVID G. MOROWITZ

v.

AMICA MUTUAL INSURANCE CO.,
and JOSE H. GUTIERREZ,
_____/

## ORDER GRANTING PETITIONER AMICA MUTUAL INSURANCE CO.'S MOTION IN LIMINE

THIS CAUSE comes before the Court upon Amica Mutual Insurance Co.'s Motion in Limine to Exclude Opinion Testimony from Mr. Mark Rosen, or in the Alternative for a Daubert Hearing and Supporting Memorandum of Law (DE #52), filed August 4, 2009. On August 21, 2009, Respondent Morowitz filed a Response in Opposition to Amica's Motion to Exclude (DE #60). On August 26, 2009, Amica filed

1

its Reply (DE #67).

As factual background, this is a coverage dispute involving the interpretation of a Florida Boat Policy with an Uninsured Boaters Endorsement ("Boat Policy") and a Rhode Island Personal Umbrella Liability Policy (PULP) issued by Amica to Morowitz. Amica brought this suit seeking a judicial determination of liability coverage for a boating accident involving injuries to Morowitz. Morowitz filed an amended three count Counterclaim against Amica for declaratory judgment (Count I), breach of contract (Count II), and breach of the implied covenant of good faith and fair dealing (Count III). On May 11, 2009, this Court granted Amica's Motion to Dismiss Count III of Morowitz's Amended Counterclaim. On September 30, 2009, this Court granted Amica's Motion for Summary Judgment on the Amended Declaratory Judgment Action and Count I of Morowitz's Amended Counterclaim. Thus, the only claim still pending before this court is Count II of Morowitz's Counterclaim for breach of contract.

In furtherance of this claim,[1] Morowitz designated Mark Rosen, the owner and operator of a general property, casualty and marine insurance agency for over 25 years, as an expert. Morowitz asserts that Mr. Rosen is an expert "in the area of insurance contract interpretation; conduct of insurance companies in handling and adjusting claims; custom and practice in the insurance industry; and, insurance bad faith." (DE #40.) Morowitz

---

[1] This disclosure was made before Amica's Motion for Summary Judgment was granted, therefore Morowitz's designations also address both parties' declaratory judgment actions.

2

intends to call Mr. Rosen to testify as to the interpretation of maritime insurance contracts and the customs and practices in the insurance industry regarding the payment of medical payments coverage.

In this Motion, Amica asserts that Mr. Rosen is not qualified to render a legal opinion as to the interpretation of policies and that the interpretation of policies is not an appropriate subject for expert testimony. Amica claims that Mr. Rosen's testimony does not concern matters beyond the understanding of the average lay person and that the Court is the only body qualified to interpret the contract issue. Morowitz responds that Mr. Rosen's 25 years in the industry qualify him to opine on the custom and practice in the insurance industry and that his knowledge is relevant to the judicial interpretation of the policies at issue.

Under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, the trial court must undergo a three part analysis to determine the admissibility of expert testimony under Rule 702. 509 U.S. 579, 589 (1993). The Court must ask whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

<u>United States v. Frazier</u>, 387 F.3d 1244 (11th Cir. 2004).

Here, Mr. Rosen has no scientific, technical or other specialized knowledge which

3

will assist this Court to understand the evidence or determine a fact in issue. The evidence that Plaintiff proposes to establish through its expert is not the type of evidence which can be established through expert testimony. The Court does not need any expert assistance in understanding the breach of contract claim or the underlying insurance contract. Instead, the Court will rely on counsel to fully brief and explain the relevant issues to the Court.

Accordingly, after a careful review of the record and the court being otherwise fully advised it is.

ORDERED, ADJUDGED, and DECREED that Amica Mutual Insurance Co.'s Motion in Limine to Exclude Opinion Testimony from Mr. Mark Rosen, or in the Alternative for a Daubert Hearing and Supporting Memorandum of Law **(DE #52)** be, and the same is hereby, **GRANTED**. Mr. Mark Rosen is hereby **STRICKEN** as an expert witness.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of September, 2009.

                                 */s/ James Lawrence King*
                                 JAMES LAWRENCE KING
                                 UNITED STATES DISTRICT JUDGE
                                 SOUTHERN DISTRICT OF FLORIDA

cc: *Counsel for Petitioner:*
Cynthia Moore Dennen, Esq.
Dennen Ragano, PLLC
Post Office Box 2379
Tampa , FL 33601-2379
813-221-4529

*Counsel for Respondents:*
Tonya Jean Meister, Esq.
Meister Law LLC
Courthouse Tower, Suite 750
44 West Flagler St.
Miami , FL 33130
305-590-5570

Michael Frederick Guilford, Esq
Guilford & Rash
44 W Flagler
Suite 750 Courthouse Tower
Miami , FL 33130
305-539-1999

James Joseph McNally, Esq.
Alvarez, Sambol, Winthrop, & Madson, P.A.
201 Alhambra Circle
Suite 602
Coral Gables , FL 33134
305 372-9085